# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN W. GRIFFITHS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AVIVA LONDON ASSIGNMENT CORPORATION, AVIVA LIFE INSURANCE COMPANY, CGU INTERNATIONAL INSURANCE, plc, ATHENE HOLDING, LTD, ATHENE LONDON ASSIGNMENT CORPORATION and ATHENE ANNUITY AND LIFE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:15-cv-13022-NMG |

## ANSWER OF AVIVA LONDON ASSIGNMENT CORPORATION, AVIVA LIFE INSURANCE COMPANY, ATHENE HOLDING, LTD., ATHENE LONDON ASSIGNMENT CORPORATION, AND ATHENE ANNUITY AND LIFE COMPANY TO AMENDED CLASS ACTION COMPLAINT

Defendants Aviva London Assignment Corporation, Aviva Life Insurance Company, Athene Holding, Ltd., Athene London Assignment Corporation, and Athene Annuity and Life Company ("Athene Defendants"), by their counsel, submit this Answer to the amended class action complaint ("Complaint") filed by Plaintiff John W. Griffiths ("Plaintiff").

## SPECIFIC ADMISSIONS OR DENIALS

1.   Athene Defendants admit that Plaintiff purports to bring this action as a national class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all others similarly situated for damages and other relief. Athene Defendants deny that this action qualifies as a class action and deny the remaining allegations set forth in Paragraph 1.

1

2. Athene Defendants admit that there was a capital maintenance agreement (the "CMA"), but deny that Plaintiff's description of it is accurate and deny the remaining allegations set forth in Paragraph 2.

3. Athene Defendants deny the allegations set forth in Paragraph 3.

4. Athene Defendants admit that the CMA is no longer in force, but state that it has been replaced by other capital maintenance and reinsurance agreements that were entered into following the sale to Athene Holding, Ltd. Athene Defendants deny the remaining allegations set forth in Paragraph 4.

5. Athene Defendants admit that as of October 2, 2013, Athene Holding, Ltd. acquired Aviva USA Corporation and its subsidiaries, including Aviva Life and Annuity Company (which had previously merged with Aviva Life Insurance Company, with Aviva Life and Annuity Company as the surviving entity) and Aviva London Assignment Corporation. Athene Defendants deny the remaining allegations set forth in Paragraph 5.

6. Athene Defendants admit that the CMA is no longer in force, but state that it has been replaced by other capital maintenance and reinsurance agreements that were entered into following the sale to Athene Holding, Ltd. Athene Defendants deny the remaining allegations set forth in Paragraph 6.

7. Athene Defendants admit that the CMA is no longer in force, but state that it has been replaced by other capital maintenance and reinsurance agreements that were entered into following the sale to Athene Holding, Ltd. Athene Defendants admit that Athene London

Assignment Corporation was formerly known as Aviva London Assignment Corporation. Athene Defendants deny the remaining allegations set forth in Paragraph 7.

8. Athene Defendants deny the allegations set forth in Paragraph 8.

9. On information and belief, Athene Defendants admit the allegations set forth in Paragraph 9.

10. Athene Defendants admit that Aviva Life Insurance Company maintained its principal place of business at 108 Myrtle Street, North Quincy, MA 02171 at certain times. Athene Defendants admit that personal jurisdiction over the Athene Defendants is present in this case. Athene Defendants deny the remaining allegations set forth in Paragraph 10.

11. Athene Defendants admit that Aviva London Assignment Corporation maintained its principal place of business at 108 Myrtle Street, North Quincy, MA 02171 at certain times. Athene Defendants admit personal jurisdiction over the Athene Defendants is present in this case. Athene Defendants deny the remaining allegations set forth in Paragraph 11.

12. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12, and therefore deny them.

13. Athene Defendants admit that Athene Holding, Ltd. is the indirect corporate parent of Athene London Assignment Corporation and Athene Annuity and Life Company. Athene Defendants admit that Athene Holding, Ltd. acquired Aviva USA Corporation and its direct and indirect subsidiaries including Aviva London Assignment Corporation and Aviva Life and Annuity Company. Athene Defendants admit the allegations set forth in the third sentence of Paragraph 13. Athene Defendants admit that personal jurisdiction over the Athene Defendants

is present in this case. Athene Defendants deny the remaining allegations set forth in Paragraph 13.

14.     Athene Defendants admit that Athene London Assignment Corporation was previously known as Aviva London Assignment Corporation until its name was changed on June 3, 2014. Athene Defendants admit the allegations set forth in the second sentence of Paragraph 14. Athene Defendants admit that personal jurisdiction over the Athene Defendants is present in this matter. Athene Defendants deny the remaining allegations set forth in Paragraph 14.

15.     Athene Defendants admit that Athene Annuity and Life Company is domiciled in Iowa. Athene Defendants admit that Athene Annuity and Life Company has its principal place of business in West Des Moines, Iowa. Athene Defendants admit that personal jurisdiction over the Athene Defendants is present in this matter. Athene Defendants deny the remaining allegations set forth in Paragraph 15.

16.     Athene Defendants admit the allegations set forth in Paragraph 16, except that Athene Defendants deny any validity to Plaintiff's claims.

17.     Athene Defendants admit that this Court has jurisdiction over the Athene Defendants. Athene Defendants deny the remaining allegations set forth in Paragraph 17.

18.     Athene Defendants admit that venue lies in this district by operation of 28 U.S.C. § 1391.

19.     Athene Defendants admit that in 2001, Plaintiff resolved a personal injury case against the City and County of Honolulu. Athene Defendants admit that part of the settlement involved a stream of payments for Plaintiff for his life, and that this stream of payments was

funded by an annuity issued by Aviva Life Insurance Company and owned by Aviva London Assignment Corporation. Athene Defendants deny the remaining allegations set forth in paragraph 19.

20. Athene Defendants deny the allegations set forth in Paragraph 20.

21. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21, and therefore deny them.

22. Athene Defendants admit that Plaintiff worked with Ringler & Associates. Athene Defendants deny the remaining allegations set forth in Paragraph 22.

23. Athene Defendants deny the allegations set forth in Paragraph 23.

24. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24, and therefore deny them.

25. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25, and therefore deny them.

26. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26, and therefore deny them.

27. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27, and therefore deny them.

28. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28, and therefore deny them.

29.     Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29, and therefore deny them.

30.     Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30, and therefore deny them.

31.     Athene Defendants admit that the contract for the Griffiths annuity was issued in 2003.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when Griffiths received the formal contract document and therefore deny those allegations.  Athene defendants deny the remaining allegations set forth in Paragraph 31.

32.     Athene Defendants admit the allegations set forth in Paragraph 32.

33.     Athene Defendants admit that Plaintiff purports to attach a letter dated May 20, 2003 to the Complaint.  Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.  Athene Defendants deny that the CMA was a benefit to which Plaintiff was entitled and deny that Jean Miller described the CMA as a benefit that Plaintiff would be receiving.

34.     Athene Defendants admit that Plaintiff purports to attach a letter dated May 20, 2003 to the Complaint.  Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.

35.     Athene Defendants admit that Plaintiff has attached certain documents to the Complaint as Exhibit A and that he purports to incorporate them into his Complaint by reference.

Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 35, and therefore deny them.

36.  Athene Defendants admit that a copy of the Qualified Assignment and Pledge Agreement is attached to the Complaint as Exhibit B, except that the copy attached as Exhibit B omits certain words and parts of words on the rightmost edge of the document.  Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.  On information and belief, Athene Defendants admit that the Qualified Assignment and Pledge Agreement is executed by Griffiths and by a representative of the City and County of Honolulu.  Athene Defendants deny that two instrumentalities of CGU executed the Qualified Assignment and Pledge Agreement.  Athene Defendants deny that the Qualified Assignment and Pledge Agreement provided any rights of ownership to Plaintiff absent the occurrence of any of the events of default described in the Qualified Assignment and Pledge Agreement.  Athene Defendants admit that, in the event of the occurrence of an event of default described in the Qualified Assignment and Pledge Agreement, Plaintiff would have the rights and remedies of a secured party.  Athene Defendants deny the remaining allegations of the second sentence of paragraph 36.  Athene Defendants admit the Qualified Assignment and Pledge Agreement provided that it would be governed by and in accordance with the laws of Massachusetts without giving effect to the choice-of-law rules thereof.

37.  Athene Defendants deny the allegations set forth in Paragraph 37.

38.  Athene Defendants admit that correspondence describing the CMA was sent to Plaintiff from 108 Myrtle Street, North Quincy, MA 02171.  Athene Defendants state that this

...

document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.  Athene Defendants deny the remaining allegations set forth in Paragraph 38.

39.     Athene Defendants deny the allegations set forth in Paragraph 39.

40.     Athene Defendants admit that annuities involve a stream of payments that extend into the future.  Athene Defendants deny the remaining allegations set forth in Paragraph 40.

41.     The Complaint's citation to the New Jersey Supreme Court decision pleads a legal conclusion for which a response is neither required nor appropriate.  Athene Defendants deny the remaining allegations of Paragraph 41.

42.     Athene Defendants deny the allegations set forth in Paragraph 42.

43.     Athene Defendants admit that Paragraph 43 quotes from a letter that was sent to Plaintiff from 108 Myrtle Street, North Quincy, MA 02171.  Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.  Athene Defendants deny the remaining allegations of Paragraph 43.

44.     Athene Defendants deny the allegations set forth in Paragraph 44.

45.     Athene Defendants deny the allegations set forth in Paragraph 45.

46.     Athene Defendants deny the allegations set forth in Paragraph 46.

47.     Athene Defendants deny the allegations set forth in Paragraph 47.

48. Athene Defendants deny the allegations set forth in Paragraph 48.

49. Athene Defendants admit that the CMA is no longer in force, but state that it has been replaced by other capital maintenance and reinsurance agreements that were entered into following the sale to Athene Holding, Ltd. Athene Defendants deny the remaining allegations set forth in Paragraph 49.

50. Athene Defendants deny that any Athene Defendant breached any promise to Plaintiff. Athene Defendants lack knowledge concerning what "Griffiths discovered" or "Griffiths' surprise" sufficient to form a belief as to their truth and therefore deny those allegations. Athene Defendants admit that Paragraph 50 references a letter that Athene Vice President Christian S. Walker sent to Plaintiff dated October 29, 2014. Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise. Athene Defendants deny the remaining allegations of Paragraph 50.

51. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51, and therefore deny them.

52. Athene Defendants deny that any material changes in circumstances occurred and deny the remaining allegations set forth in Paragraph 52.

53. Athene Defendants admit that Athene stated, in the October 29, 2014 letter, that it "has made and will continue to make all of the payments that are due on the structured settlement issued for your benefit." Athene Defendants deny the remaining allegations set forth in Paragraph 53.

54. Athene Defendants admit that Aviva London Assignment Corporation and Aviva Life Insurance Company conducted business in the District of Massachusetts. Athene Defendants deny the remaining allegations set forth in Paragraph 54.

55. Athene Defendants deny the allegations set forth in Paragraph 55.

56. Athene Defendants admit that certain marketing material that described the CMA, including a document titled, "Capital Maintenance Agreement Here's How it Works," was disseminated. Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise. Athene Defendants deny that this document included a statement that the CMA Guarantee (as defined by Plaintiff in Paragraph 2) was "absolute, unconditional, present, and continuing." Athene Defendants deny the remaining allegations set forth in Paragraph 56.

57. Athene Defendants admit that the obligations owed to Plaintiff were assigned to Aviva London Assignment Company. Athene Defendants deny the remaining allegations set forth in Paragraph 57.

58. Athene Defendants deny the allegations set forth in Paragraph 58.

59. Athene Defendants deny the allegations set forth in Paragraph 59.

60. Athene Defendants admit the allegations set forth in Paragraph 60.

61. Athene Defendants deny the allegations set forth in Paragraph 61.

62. Athene Defendants admit that Plaintiff purports to bring this action on behalf of himself and all other similarly situated pursuant to Federal Rule of Civil Procedure 23, and that

he has proposed the class definition set forth in Paragraph 62, but deny that the action can qualify for class certification and deny the remaining allegations set forth in Paragraph 62.

63. Athene Defendants admit that Plaintiff's proposed class definition excludes the groups described in Paragraph 63.

64. Athene Defendants deny the allegations set forth in Paragraph 64.

65. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 65, and therefore deny them.

66. Athene Defendants deny the allegations set forth in Paragraph 66.

67. Athene Defendants deny the allegations set forth in Paragraph 67.

68. Athene Defendants deny the allegations set forth in Paragraph 68.

69. Athene Defendants deny the allegations set forth in Paragraph 69.

70. Athene Defendants deny the allegations set forth in Paragraph 70.

## COUNT I – BREACH OF CONTRACT

71. Athene Defendants reassert and incorporate all of their responses to the allegations set forth in Paragraphs 1 through 70 as if fully set forth herein.

72. Athene Defendants admit that Plaintiff contracted with CGU Annuity Service Corporation to provide him with a stream of income for the rest of his life. Athene Defendants deny the remaining allegations of Paragraph 72 that concern Plaintiff Griffiths. Athene

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 72, and therefore deny them.

73. Paragraph 73 states a legal conclusion to which no response is required; to the extent that a response is required, Athene Defendants deny the allegations set forth in Paragraph 73.

74. Athene Defendants deny the allegation set forth in Paragraph 74.

75. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 75, and therefore deny them.

76. Athene Defendants deny the allegations set forth in Paragraph 76.

77. Athene Defendants admit that the CMA is no longer in force, but state that it has been replaced by other capital maintenance and reinsurance agreements that were entered into following the sale to Athene Holding, Ltd.  Athene Defendants deny the remaining allegations set forth in Paragraph 77.

78. Athene Defendants deny the allegations set forth in Paragraph 78.

79. Athene Defendants deny the allegations set forth in Paragraph 79.

80. Athene Defendants admit that certain marketing material that described the CMA, including a document titled "Capital Maintenance Agreement Here's How it Works," was disseminated.  Athene Defendants state that this document speaks for itself, is a unitary document that should be read as a whole, and provides as stated therein and not otherwise.  Athene Defendants deny the remaining allegations set forth in Paragraph 80.

81. Athene Defendants admit that the obligations owed to Plaintiff were assigned to Aviva London Assignment Company. Athene Defendants deny that Plaintiff had an annuity. Athene Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in the first sentence of Paragraph 81 and therefore deny them. Athene Defendants deny the allegations set forth in the second sentence of Paragraph 81.

82. Athene Defendants deny the allegations set forth in Paragraph 82.

83. Athene Defendants deny the allegations set forth in Paragraph 83.

## COUNT II – BREACH OF FIDUCIARY DUTY

84. Athene Defendants reassert and incorporate all of their responses to the allegations set forth in Paragraphs 1 through 83 as if fully set forth herein.

85. Athene Defendants state that the first two sentences of Paragraph 85 are legal conclusions to which no response is required. Athene Defendants deny that they owed any fiduciary duty to Plaintiff or members of the Proposed Class and deny the remaining allegations set forth in the third and fourth sentences of Paragraph 85.

86. Athene Defendants deny the allegations set forth in Paragraph 86.

87. Athene Defendants deny the allegations set forth in Paragraph 87.

88. Athene Defendants deny allegations set forth in Paragraph 88.

89. Athene Defendants deny the allegations set forth in Paragraph 89.

## COUNT III – PROMISSORY ESTOPPEL

90.     Athene Defendants reassert and incorporate all of their responses to the allegations set forth in Paragraphs 1 through 89 as if fully set forth herein.

91.     Athene Defendants deny the allegations set forth in Paragraph 91.

92.     Athene Defendants deny the allegations set forth in Paragraph 92.

93.     Athene Defendants deny the allegations set forth in Paragraph 93.

94.     Athene Defendants deny the allegations set forth in Paragraph 94.

95.     Athene Defendants deny the allegations set forth in Paragraph 95.

## COUNT IV – UNJUST ENRICHMENT

96.     Athene Defendants reassert and incorporate all of their responses to the allegations set forth in Paragraphs 1 through 95 as if fully set forth herein.

97.     Athene Defendants deny the allegations set forth in Paragraph 97.

98.     Athene Defendants deny the allegations set forth in Paragraph 98.

99.     Athene Defendants deny the allegations set forth in Paragraph 99.

100.    Athene Defendants deny the allegations set forth in Paragraph 100.

In addition to the specific denials set forth above, Athene Defendants hereby deny each and every allegation contained in Plaintiff's Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Athene Defendants assert the following affirmative and other defenses as to the allegations set forth in the Complaint, without assuming the burden of proof on any such defenses which would otherwise rest with Plaintiff.  Athene Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

1. The Complaint fails to state a claim upon which relief may be granted.

2. Upon its termination, the CMA was replaced with other capital maintenance and reinsurance agreements that provide Plaintiff and all members of the proposed class with protection against default that are not materially weaker than the protection offered by the CMA.

3. The claims of Plaintiff and the putative class members are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1011 *et seq.*, because the purchase of Aviva USA Corporation and its subsidiaries, including Aviva London Assignment Corporation and Aviva Life Insurance Company, by Athene Holding, Ltd., and the relevant agreements executed as part of that purchase, were approved by appropriate state insurance regulators.  The McCarran-Ferguson Act precludes application of federal law unrelated to the business of insurance to overrule actions of state insurance regulators.  Plaintiff's attempt to obtain relief in federal court that would overrule the actions of state insurance regulators is thus barred.

4. Any claims premised on allegations that Plaintiff or the putative class members were not notified of the purchase of Aviva USA Corporation and its subsidiaries, including Aviva London Assignment Corporation and Aviva Life Insurance Company, by Athene Holding, Ltd. are barred because Plaintiff and putative class members had notice of the purchase.

5.      Any claims premised on allegations that Plaintiff or the putative class members were injured by the purchase of Aviva USA Corporation and its subsidiaries, including Aviva London Assignment Corporation and Aviva Life Insurance Company, by Athene Holding, Ltd. are barred because Plaintiff and the putative class members were not injured by that transaction because, among other reasons, the Athene Defendants are highly financially secure companies that have received excellent ratings.

6.      Any claims by any individuals or entities that purchased rights to a stream of payments from any putative class member are barred to the extent that such purchasers could not show they were aware of, or relied on, the CMA.

7.      Any claims by any putative class members who sold their right to a stream of payments are barred because the termination of the CMA could not have caused them any injury.

8.      Any claims by any putative class members who sold their right to a stream of payments are barred by the doctrines of res judicata and/or collateral estoppel.

9.      If the Court finds that Plaintiff's theory pleaded in Paragraph 77(a) is correct, and the CMA remains in force, then the Athene Defendants are not liable for any damages or other relief; instead, only defendant CGU International Insurance, plc, would be required to provide assurances that it would comply with the terms of the CMA.

10.     Plaintiff and putative class members lack privity with defendant Athene Holding, Ltd. and may not allege any claim against it.

11.     Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and/or ratification.

12.     Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of assumption of risk.

13. Plaintiff's and the putative class members' claims are barred, in whole or in part, because the alleged losses and damages, if any, are speculative.

14. Plaintiff's and the putative class members' claims are barred, in whole or in part, because any action, statement, representation, or omission by any person other than Athene Defendants was not authorized by Athene Defendants, and was not performed or given with actual, implied, or apparent authority.

15. Any injury or loss allegedly incurred by Plaintiff or any putative class members was not proximately caused by any wrongful conduct of Athene Defendants or was due to the intervening and/or superseding actions of individuals or parties over whom Athene Defendants exercised no control and with respect to whom or for which Athene Defendants bear no responsibility.

16. Plaintiff's claims on behalf of the putative class must be dismissed because Plaintiff cannot establish the prerequisites for class certification under Federal Rule of Civil Procedure 23.

17. Plaintiff does not have standing to maintain the claims asserted on behalf of the putative class and is not an adequate representative of the putative class.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Aviva London Assignment Corporation, Aviva Life Insurance Company, Athene Holding, Ltd., Athene London Assignment Corporation, and Athene Annuity and Life Company pray for relief as follows:

Dismissal with prejudice of Plaintiff's Complaint against them in its entirety; and

For such other and further relief as this Court deems just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees incurred in defending this action plus interest on any sums awarded thereunder.

                                              Respectfully submitted,

Dated: January 22, 2016                SIDLEY AUSTIN LLP

                                              By: /s/ Joel S. Feldman
                                                  Joel S. Feldman

                                                  Joel S. Feldman (*pro hac vice*)
                                                 jfeldman@sidley.com
                                                 Hille R. Sheppard (*pro hac vice*)
                                                 hsheppard@sidley.com
                                                 Daniel C. Craig (*pro hac vice)*
                                                 dcraig@sidley.com
                                                 One South Dearborn Street
                                                 Chicago, Illinois 60603
                                                 Telephone: (312) 853-7000
                                                 Facsimile: (312) 853-7036

                                                 Jack W. Pirozzolo, BBO # 564879
                                                 jpirozzolo@sidley.com
                                                 60 State Street, 36th Floor
                                                 Boston, Massachusetts 02109
                                                 Telephone: (617) 223-0304
                                                 Facsimile: (617) 223-0301

                                               *Attorneys for Defendants Aviva London Assignment Corporation, Aviva Life Insurance Company, Athene Holding, Ltd., Athene London Assignment Corporation, and Athene Annuity and Life Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2016, a true and correct copy of the foregoing was served on counsel of record via the Court's CM/ECF system.

/s/ Joel S. Feldman
Joel S. Feldman