IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN W. GRIFFITHS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AVIVA LONDON ASSIGNMENT CORPORATION, AVIVA LIFE INSURANCE COMPANY, AVIVA INTERNATIONAL INSURANCE LTD, f/k/a CGU INTERNATIONAL INSURANCE, plc, ATHENE HOLDING, LTD, ATHENE LONDON ASSIGNMENT CORPORATION and ATHENE ANNUITY AND LIFE COMPANY,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 15-cv-13022-NMG<br><br>**LEAVE TO FILE GRANTED ON 3/14/2016**<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO THE MOTION OF DEFENDANT CGU TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff submits this sur-reply in order to make three points:

1.  **CGU's invocation of cases involving a handful of Massachusetts contacts is of no help to its argument.**

     While the rulings in cases about a single guarantee to a particular seller are divided –

some finding the guarantee sufficient to establish personal jurisdiction and others finding the

guarantee insufficient – this is not a case about a single guarantee to a single seller.  It is a case

about a guarantee issued to support an entire book of business involving "billions of dollars,"

Amended Complaint ¶54 [Doc. No. 28], all of which business was done in Massachusetts.  The

Amended Complaint alleges, on information and belief, that "thousands" of customers were

affected.  Amended Complaint ¶65.  Those allegations, left unchallenged by CGU, control for purposes of this Motion.

CGU's invocation of the First Circuit's recent decision in *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 5 (1st Cir. 2016) is thus completely inapposite. This is hardly a situation where a handful of activities took place in Massachusetts while the conduct at issue took place elsewhere.  Here, the very purpose of CGU's actions was precisely to affect transactions involving thousands of customers, and billions of dollars in business done in Massachusetts. Much of the rest of CGU's attack on Plaintiff's argument is based a similar tally of telephone calls, emails and letters.  As Plaintiff noted in his Opposition –another argument CGU simply ignores – for purposes of assessing contacts to determine whether they establish personal jurisdiction

> a court is to focus on the nature of the contact with the forum and avoid playing a "numbers game" -- a single, meaningful contact with the forum, even by means of a virtual presence, "can fill the bill."  [*Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir. 1994)] (citing *McGee v. International Life Ins. Co.* 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957), for the proposition that a contractual relationship may be sufficient to confer jurisdiction even where the defendant does not physically enter the forum).

*Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d 51 (D. Mass. 2004).  Virtually all of CGU's brief is exactly the "numbers game" that the First Circuit and this Court have repeatedly held is irrelevant.

## 2. CGU's attempt to sidestep the impact of its intent to make this business possible is unsuccessful.

It is difficult to know what to make of CGU's assertion, at Reply p. 8 n. 5 [Doc. No. 38], that Plaintiff has not cited authority for the proposition that the purpose of a contract matters for determining whether personal jurisdiction is present.  The black letter law, which CGU properly cites (see its Opening brief at 13, Reply Brief at 6), focuses directly on "purposeful" availment of

the privilege of doing business in a jurisdiction as a central issue determining whether a business has exposed itself to being called into court in a given forum.  That is the purpose at issue, and that is the purpose Plaintiff alleged:  it was CGU's "purpose" to have an impact in this forum because it was CGU's "purpose" to extend a guarantee into this forum and because that guarantee was extended to, and did in fact, induce thousands of customers to do business in Massachusetts.[1]  As the Supreme Court held long ago in *McGee v. International Life Ins. Co.,*. 355 U.S. 220 (1957), the promise to make payments in the event that a risk occurs by its nature constitutes purposeful availment, because the whole point of a guarantee is to enable the person to whom it is extended to call the guarantor to account.  That is what a guarantee is.  CGU urges the Court to focus on the fact that the CGU did not make its promise directly to a retail customer in Massachusetts. But, the Supreme Court's holding in *McGee* focuses instead on where the *impact* of the promise was felt, and where it was directed.  Here, the impact of the promise was directed to, and felt it, Massachusetts.

CGU's promise was directed at Massachusetts in two ways: first, because it was a promise, made to a Massachusetts entity, to ensure the solvency of AVIVA London Assurance Corporation ("ALAC"), which was headquartered in Massachusetts.  And second, because – as the Amended Complaint alleges – the promise was intended by CGU to have, and did in fact have, an impact on ALAC's ability to sell thousands annuities, worth billions of dollars, in Massachusetts.

---

[1] This fact is itself illustrated by another allegation that CGU does not address: the Amended Complaint's statement that "two instrumentalities of [defendant] CGU" entered into a Qualified Assignment and Pledge Agreement with Plaintiff which "provides that it is to be governed by the substantive law of the Commonwealth of Massachusetts."  Amended Complaint ¶37, and Exhibit B thereto.

**3. To the Extent That The Facts CGU Now Argues Are Deemed Material, The Court Should Permit Plaintiff To Take Jurisdictional Discovery With Respect to CGU**

In addition to CGU's argument regarding its intent in entering into the CMA, CGU argues in its reply brief that there is no personal jurisdiction here because CGU did not send "employees" into Massachusetts to negotiate the CMA. *See* Reply Br. at 7. CGU has refrained from alleging that it did not send *anyone* into Massachusetts to negotiate the agreement, and CGU has not otherwise described the communications leading up to the agreement's formation. These are facts that are, through no fault of Plaintiff's, currently unknown to him. Plaintiff submits that the Court need not reach the question, because the facts already known are sufficient to establish personal jurisdiction. However, to the extent that the Court deems this a significant fact, Plaintiff submits that the appropriate course would be for the Court to permit discovery into the facts surrounding the negotiation of the agreement to determine exactly who did what where. "[D]iscovery concerning jurisdictional issues is appropriate where complex factual matters are in question and where a party has been diligent and is somewhat unfamiliar with his adversary." *Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079 (1st Cir., 1973); *Surpitski v. Hughes-Keenan Corp.,* 362 F.2d 254 (1st Cir. 1966).

For these reasons and those set forth in the Plaintiff's initial brief in opposition to CGU's motion to dismiss, the Court should deny that Motion and should hold that CGU is subject to the personal jurisdiction of this Massachusetts Court.

Dated: March 14, 2016

Respectfully submitted,

*/s/ Jerome M. Marcus*
Jerome M. Marcus
jmarcus@marcusauerbach.com
Jonathan Auerbach
auerbach@marcusauerbach.com

Marcus & Auerbach LLC
1121 N. Bethlehem Pike, Suite 60-242
Spring House, PA 19477
Telephone: (215) 885-2250
Facsimile: (888) 875-0469
*Admitted Pro Hac Vice*


*/s/ Paul J. Klehm*
Paul J. Klehm (BBO#561605)
pklehm@kkf-attorneys.com
Benjamin L. Falkner (BBO#667951)
bfalkner@kkf-attorneys.com
Krasnoo, Klehm & Falkner LLP
28 Andover Street, Suite 240
Andover, MA 01810
Telephone: (978) 475-9955
Facsimile: (978) 474-9005

*Attorneys for Plaintiff and putative Class*


## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016, a true and correct copy of the foregoing Plaintiff's Sur-Reply In Opposition To The Motion Of Defendant CGU To Dismiss For Lack Of Personal Jurisdiction was served on counsel of record via the Court's CM/ECF system.


*/s/ Jerome M. Marcus*
Jerome M. Marcus