UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN W. GRIFFITHS, on behalf of    :
himself and all others similarly situated,

   :

       Plaintiff,      Civil Action

   :    No. 15-13022-NMG

     v.

   :

AVIVA LONDON ASSIGNMENT    **JURY TRIAL DEMANDED**
CORPORATION, AVIVA LIFE
INSURANCE COMPANY, AVIVA    :
INTERNATIONAL INSURANCE LTD,    :
f/k/a CGU INTERNATIONAL
INSURANCE, plc, ATHENE HOLDING,    :
LTD, ATHENE LONDON
ASSIGNMENT CORPORATION and    :
ATHENE ANNUITY AND LIFE
COMPANY,    :

       Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT AVIVA INTERNATIONAL INSURANCE LIMITED'S (FORMERLY CGU INTERNATIONAL INSURANCE, PLC) ANSWER AND AFFIRMATIVE DEFENSES

       Defendant Aviva International Insurance Limited (formerly CGU International

Insurance, plc, hereinafter "CGU"), by its undersigned counsel, answers the Amended Class

Action Complaint (Docket No. 28, the "Complaint"), upon knowledge as to itself and its own

acts and otherwise upon information and belief, as follows:

       CGU avers that the unnumbered paragraph on page 1 of the Complaint contains

plaintiff John W. Griffith's ("Plaintiff") definitional conventions to which no response is required.

To the extent that a response is deemed required, CGU denies the allegations contained in the

unnumbered paragraph on page 1 of the Complaint.

The bold heading immediately preceding paragraph 1 of the Complaint contains no factual allegations and thus no answer is required. To the extent that the bold heading immediately preceding paragraph 1 of the Complaint may be deemed to contain factual allegations, they are denied.

1.      CGU denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action as a class action.

2.      CGU denies the allegations in paragraph 2 of the Complaint, expect admits that there was a capital maintenance agreement ("CMA"), and refers to the CMA for a complete and accurate description of its contents.

3.      CGU denies the allegations in paragraph 3 of the Complaint.

4.      CGU denies the allegations in paragraph 4 of the Complaint, except admits that in or around October 2013, Athene Holding, Ltd. acquired Aviva USA Corporation and its subsidiaries and that the CMA is no longer in force.

5.      CGU denies the allegations in paragraph 5 of the Complaint, except admits that in or around October 2013, Athene Holding, Ltd. acquired Aviva USA Corporation and its subsidiaries.

6.      CGU denies the allegations in paragraph 6 of the Complaint, except admits that the CMA is no longer in force.

7.      CGU avers that the allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, CGU denies the allegations in paragraph 7 of the Complaint, except admits that the CMA is no longer in force.

8.      CGU avers that the allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 8 of the Complaint.

The bold heading immediately preceding paragraph 9 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 9 of the Complaint may be deemed to contain factual allegations, they are denied.

9.      CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and denies them on that basis.

10.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 10 of the Complaint and denies them on that basis.  CGU avers that the allegations in the third sentence of paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in the third sentence of paragraph 10 of the Complaint.

11.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 11 of the Complaint and denies them on that basis.  CGU avers that the allegations in the third sentence of paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in the third sentence of paragraph 11 of the Complaint.

12.     CGU denies the allegations in the first and second sentences of paragraph 12 of the Complaint, except admits that CGU is a foreign company organized under the laws of

England and Wales, and, answering further, refers to the referenced Annual FSA Insurance

Return for the Financial Year ended December 31, 2003, for a complete and accurate description

of its contents.  CGU avers that the allegations in the third sentence of paragraph 12 of the

Complaint are legal conclusions to which no response is required.  To the extent that a response

is deemed required, CGU denies the allegations in the third sentence of paragraph 12 of the

Complaint.

13.     CGU lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first, second and third sentences of paragraph 13 of the Complaint

and denies them on that basis, except admits that in or around October 2013, Athene Holding,

Ltd. acquired Aviva USA Corporation and its subsidiaries.  CGU avers that the allegations in the

fourth sentence of paragraph 13 of the Complaint are legal conclusions to which no response is

required.  To the extent that a response is deemed required, CGU denies the allegations in the

fourth sentence of paragraph 14 of the Complaint.

14.     CGU lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first and second sentences of paragraph 14 of the Complaint and

denies them on that basis.  CGU avers that the allegations in the third sentence of paragraph 14

of the Complaint are legal conclusions to which no response is required.  To the extent that a

response is deemed required, CGU denies the allegations in the third sentence of paragraph 14 of

the Complaint.

15.     CGU lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in the first and second sentences of paragraph 15 of the Complaint and

denies them on that basis.  CGU avers that the allegations in the third sentence of paragraph 15

of the Complaint are legal conclusions to which no response is required.  To the extent that a

response is deemed required, CGU denies the allegations in the third sentence of paragraph 15 of the Complaint.

The bold heading immediately preceding paragraph 16 of the Complaint contains no factual allegations and thus no answer is required. To the extent that the bold heading immediately preceding paragraph 16 of the Complaint may be deemed to contain factual allegations, they are denied.

16.     CGU avers that the allegations in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, CGU denies the allegations in paragraph 16 of the Complaint.

17.     CGU avers that the allegations in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, CGU denies the allegations in paragraph 17 of the Complaint.

18.     CGU avers that the allegations in paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, CGU denies the allegations in paragraph 18 of the Complaint.

The bold heading immediately preceding paragraph 19 of the Complaint contains no factual allegations and thus no answer is required. To the extent that the bold heading immediately preceding paragraph 19 of the Complaint may be deemed to contain factual allegations, they are denied.

19.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and denies them on that basis.

20.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and denies them on that basis.

21.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and denies them on that basis.

22.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and denies them on that basis.

23.     CGU denies the allegations in paragraph 23 of the Complaint.

24.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and denies them on that basis and, answering further, refers to the referenced letter for a complete and accurate description of its contents.

25.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and denies them on that basis.

26.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and denies them on that basis.

27.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and denies them on that basis and, answering further, refers to the referenced letter for a complete and accurate description of its contents.

28.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and denies them on that basis.

29.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and denies them on that basis.

30.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and denies them on that basis.

31.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and denies them on that basis.

32.     CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and denies them on that basis and, answering further, refers to the referenced writing for a complete and accurate description of its contents.

33.     CGU denies the allegations in paragraph 33 of the Complaint and refers to the referenced letter for a complete and accurate description of its contents.

34.     CGU denies the allegations in paragraph 34 of the Complaint and refers to the referenced letter for a complete and accurate description of its contents.

35.     CGU denies the allegations in paragraph 35 of the Complaint, except admits that certain documents are attached to the Complaint and refers to those documents for a complete and accurate description of their contents.

36.     CGU denies the allegations in paragraph 36 of the Complaint, except admits that certain documents are attached to the Complaint and refers to those documents for a complete and accurate description of their contents.

The bold heading immediately preceding paragraph 37 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 37 of the Complaint may be deemed to contain factual allegations, they are denied.

37.     CGU denies the allegations in paragraph 37 of the Complaint and, answering further, refers to the referenced "marketing materials and other documentation" for a complete and accurate description of their contents.

38.     CGU denies the allegations in paragraph 38 of the Complaint, except admits that certain documents reference the CMA and refers to those documents for a complete and accurate description of their contents.

39.     CGU denies the allegations in paragraph 39 of the Complaint.

40.     CGU denies the allegations in paragraph 40 of the Complaint, except admits that annuities involve a stream of payments that extend into the future.

41.     CGU avers that the allegations in paragraph 41 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 41 of the Complaint.  Answering further, to the extent the allegations in paragraph 41 of the Complaint purport to characterize or describe legal authority, CGU avers that legal authority speaks for itself and refers to that authority for a complete and accurate description of its contents.

42.     CGU denies the allegations in paragraph 42 of the Complaint.

43.     CGU denies the allegations in paragraph 43 of the Complaint and refers to the referenced letter for a complete and accurate description of its contents.

44.     CGU denies the allegations in paragraph 44 of the Complaint and refers to the CMA for a complete and accurate description of its contents.

45.     CGU denies the allegations in paragraph 45 of the Complaint.

46.     CGU denies the allegations in paragraph 46 of the Complaint.

47.     CGU denies the allegations in paragraph 47 of the Complaint.

48.     CGU denies the allegations in paragraph 48 of the Complaint.

49.     CGU avers that the allegations in paragraph 49 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required,

CGU denies the allegations in paragraph 49 of the Complaint, except admits that the CMA is no longer in force.

50.    CGU avers that the allegations in the first sentence of paragraph 50 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 50 of the Complaint and denies them on that basis.  CGU avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 50 of the Complaint and denies them on that basis and, answering further, refers to the referenced letter for a complete and accurate description of its contents.

51.    CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and denies them on that basis.

52.    CGU denies the allegations in paragraph 52 of the Complaint.

53.    CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and denies them on that basis.

54.    CGU denies the allegations in paragraph 54 of the Complaint, except admits that in or around October 2013, Athene Holding, Ltd. acquired Aviva USA Corporation and its subsidiaries.

55.    CGU denies the allegations in paragraph 55 of the Complaint.

56.    CGU denies the allegations in paragraph 56 of the Complaint and refers to the referenced "marketing material" for a complete and accurate description of its contents.

57.    CGU denies the allegations in paragraph 57 of the Complaint and refers to the CMA for a complete and accurate description of its contents.

58.   CGU denies the allegations in paragraph 58 of the Complaint.

59.   CGU denies the allegations in paragraph 59 of the Complaint.

60.   CGU denies the allegations in paragraph 60 of the Complaint, except admits that upon information and belief certain Aviva entities ceased writing structured settlement annuity policies in approximately 2008.

61.   CGU denies the allegations in paragraph 61 of the Complaint.

The bold heading immediately preceding paragraph 62 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 62 of the Complaint may be deemed to contain factual allegations, they are denied.

62.   CGU denies the allegations in paragraph 62 of the Complaint, except admits that Plaintiff purports to bring this action on behalf of himself and all others similarly situated.

63.   CGU denies the allegations in paragraph 63 of the Complaint, except admits that Plaintiff's putative class definition purports to exclude the groups described in paragraph 63.

64.   CGU avers that the allegations in paragraph 64 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 64 of the Complaint.

65.   CGU avers that the allegations in paragraph 65 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 65 of the Complaint and denies them on that basis.

66.    CGU avers that the allegations in paragraph 66 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 66 of the Complaint.

67.    CGU avers that the allegations in paragraph 67 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 67 of the Complaint.

68.    CGU avers that the allegations in paragraph 68 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 68 of the Complaint.

69.    CGU avers that the allegations in paragraph 69 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 69 of the Complaint.

70.    CGU avers that the allegations in paragraph 70 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 70 of the Complaint.

The bold heading immediately preceding paragraph 71 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 71 of the Complaint may be deemed to contain factual allegations, they are denied.

71.    CGU avers that the allegations in paragraph 71 of the Complaint require no response.  To the extent a response is deemed required, CGU denies the allegations in paragraph 71 of the Complaint, and repeats and reasserts each and every response contained in the foregoing paragraphs 1-70 as if fully set forth herein.

72.   CGU avers that the allegations in paragraph 72 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 72 of the Complaint.

73.   CGU avers that the allegations in paragraph 73 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 73 of the Complaint.

74.   CGU denies the allegations in paragraph 74 of the Complaint.

75.   CGU lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and denies them on that basis.

76.   CGU avers that the allegations in paragraph 76 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 76 of the Complaint.

77.   CGU avers that the allegations in paragraph 77 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 77 of the Complaint, except admits that the CMA is no longer in force.

78.   CGU avers that the allegations in paragraph 78 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 78 of the Complaint.

79.   CGU denies the allegations in paragraph 79 of the Complaint and refers to the referenced "contracts" for a complete and accurate description of their terms.

80.   CGU denies the allegations in paragraph 80 of the Complaint and refers to the referenced "material" for a complete and accurate description of its contents.

81.     CGU denies the allegations in paragraph 81 of the Complaint and refers to the CMA for a complete and accurate description of its contents.

82.     CGU denies the allegations in paragraph 82 of the Complaint.

83.     CGU avers that the allegations in paragraph 83 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 83 of the Complaint.

The bold heading immediately preceding paragraph 84 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 84 of the Complaint may be deemed to contain factual allegations, they are denied.

84.     CGU avers that the allegations in paragraph 84 of the Complaint require no response.  To the extent a response is deemed required, CGU denies the allegations in paragraph 84 of the Complaint, and repeats and reasserts each and every response contained in the foregoing paragraphs 1-83 as if fully set forth herein.

85.     CGU avers that the allegations in paragraph 85 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 85 of the Complaint.

86.     CGU avers that the allegations in paragraph 86 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 86 of the Complaint.

87.     CGU avers that the allegations in paragraph 87 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 87 of the Complaint.

88.   CGU avers that the allegations in paragraph 88 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 88 of the Complaint.

89.   CGU avers that the allegations in paragraph 89 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 89 of the Complaint.

The bold heading immediately preceding paragraph 90 of the Complaint contains no factual allegations and thus no answer is required.  To the extent that the bold heading immediately preceding paragraph 84 of the Complaint may be deemed to contain factual allegations, they are denied.

90.   CGU avers that the allegations in paragraph 90 of the Complaint require no response.  To the extent a response is deemed required, CGU denies the allegations in paragraph 90 of the Complaint, and repeats and reasserts each and every response contained in the foregoing paragraphs 1-89 as if fully set forth herein.

91.   CGU denies the allegations in paragraph 91 of the Complaint.

92.   CGU avers that the allegations in paragraph 92 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 92 of the Complaint.

93.   CGU denies the allegations in paragraph 93 of the Complaint.

94.   CGU avers that the allegations in paragraph 94 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, CGU denies the allegations in paragraph 94 of the Complaint.

95.   CGU denies the allegations in paragraph 95 of the Complaint.

The bold heading immediately preceding paragraph 96 of the Complaint contains no factual allegations and thus no answer is required. To the extent that the bold heading immediately preceding paragraph 96 of the Complaint may be deemed to contain factual allegations, they are denied.

96.     CGU avers that the allegations in paragraph 96 of the Complaint require no response. To the extent a response is deemed required, CGU denies the allegations in paragraph 96 of the Complaint, and repeats and reasserts each and every response contained in the foregoing paragraphs 1-95 as if fully set forth herein.

97.     CGU denies the allegations in paragraph 97 of the Complaint.

98.     CGU denies the allegations in paragraph 98 of the Complaint.

99.     CGU denies the allegations in paragraph 99 of the Complaint.

100.   CGU denies the allegations in paragraph 100 of the Complaint.

FURTHER, CGU denies the allegations in the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE" and denies that Plaintiff is entitled to any relief whatsoever. CGU therefore requests that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because CGU met all of its obligations under the CMA and any other applicable agreement.

15

## THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because CGU at all times acted in good faith.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred because CGU has not breached any duties owed to Plaintiff, if any.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred because Plaintiff has not suffered any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint or any act or omission on the part of CGU.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to act reasonably to mitigate, minimize or avoid his claimed damages, any recovery must be reduced in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in part, because CGU owes no fiduciary duty to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by applicable statutes of limitation and/or the doctrine of laches, and/or estoppel, and/or unclean hands, and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because CGU made no representations to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff's purported reliance on any representations by CGU was unreasonable as a matter of law.

16

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because CGU does not owe any

contractual obligations to Plaintiff and/or satisfied all of its contractual obligations, if any.

## TWELFTH AFFIRMATIVE DEFENSE

This action is barred because the CGU is not subject to personal jurisdiction in

Massachusetts.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action under Rule 23 of the Federal

Rules of Civil Procedure, because, alternatively,

      a.  Part or all of the purported class is not numerous;

      b.  Questions of law or fact common to the purported class do not exist;

      c.  Plaintiff's claims are not typical of the claims of those he purports to represent;

      d.  Plaintiff will not fairly and adequately protect the interests of the purported
        class;

      e.  Common questions do not predominate;

      f.  A class action is not superior to other available methods for the fair and
        effective adjudication of the controversy; or

      g.  Other applicable requirements are not met.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the CMA is no longer in force.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff cannot show that he

relied on the CMA.

## SIXTEENTH AFFIRMATIVE DEFENSE

CGU hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

## JURY DEMAND

CGU hereby demands a jury on all claims triable by jury.

WHEREFORE, CGU respectfully requests that this Court:

1) Deny any and all relief requested by Plaintiff;

2) Determine that that this action may not proceed as a class action and dismiss all purported class action allegations with prejudice;

3) Dismiss the Complaint with prejudice and enter judgment in favor of CGU on all Counts in the Complaint;

4) Award CGU its attorneys' fees and costs incurred in the defense of this action; and

5) Award CGU such further relief as the Court deems just and proper.

Dated:  June 3, 2016
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
michael.hines@skadden.com

Counsel for Defendant
Aviva International Insurance Limited

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 3, 2016.

Dated:  June 3, 2016    /s/ Michael S. Hines
                      Michael S. Hines