UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------ x
JOHN W. GRIFFITHS, on behalf of himself       :
and all others similarly situated,
                                              :
           Plaintiff,
                                              :
    v.                                            Civil Action
                                              :   No. 15-13022-NMG
AVIVA LONDON ASSIGNMENT
CORPORATION, AVIVA LIFE INSURANCE             :
COMPANY, AVIVA INTERNATIONAL
INSURANCE LTD, f/k/a CGU                      :
INTERNATIONAL INSURANCE, plc,
ATHENE HOLDING, LTD, ATHENE                   :
LONDON ASSIGNMENT CORPORATION
and ATHENE ANNUITY AND LIFE                   :
COMPANY,
                                              :
           Defendants.
                                              :
------------------------------ x

**STIPULATION AND [PROPOSED] ORDER FOR THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties (the "party" or "parties") that:

1. All Confidential Information and documents that contain Confidential Information, as defined herein, produced by any party or non-party in the above-captioned action (hereinafter referred to as the "Litigation") shall be used by the party receiving them only for the purposes of preparing for and conducting the Litigation.

2. Any party or producing person or entity may designate as "Confidential" any document, material, recording or information (including but not limited to documents produced pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, interrogatory responses and deposition transcripts) which such party or producing person or entity reasonably

believes, in good faith, to contain or disclose (i) personal, financial or credit information or data; or (ii) non-public or proprietary business, commercial or financial information, trade secrets, credit, compliance, personnel and administrative information and the like. Documents, transcripts, materials and information so designated, including all information contained therein, will be referred to as "Confidential Information." As to documents produced and interrogatory responses, such designation shall be made by stamping such materials as "Confidential." With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "Confidential" shall be made by a designation by page and line to be delivered to opposing counsel within twenty (20) business days of receipt of the transcript. There is no duty to object to a designation for a party to preserve its rights to challenge the designation.

3. A producing party's inadvertent failure to designate material "Confidential" in accordance with the terms of this stipulation will not in and of itself constitute waiver of the producing party's right to claim confidentiality with respect to such material. Any party receiving any inadvertently produced Confidential Information must, within five (5) business days of receiving notice of such inadvertent production, return it to the producing party, including any copy or extract of it, for designation as "Confidential" and reproduction, as appropriate. In the event of a dispute as to whether a document was produced inadvertently, the burden shall be on the producing party to demonstrate that any asserted inadvertent production was, in fact, inadvertent; provided, however, that if there is a dispute about whether a document was produced inadvertently, the document shall be treated as Confidential Information until the dispute is resolved by the Court.

4. Confidential Information or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) The Court and court personnel, solely in the manner provided by paragraph 9 hereof;

(b) Named parties or legally authorized Representatives of named parties assisting in the prosecution or defense of the Litigation;

(c) Such of the directors, officers, agents and employees of a party and any such subsidiaries or affiliates thereof to the extent necessary to assist in the conduct of this Litigation;

(d) Counsel of record to the parties to the Litigation, including in-house counsel, clerical, secretarial and paralegal staff employed by such counsel;

(e) Court reporters and videographers engaged for depositions in this Litigation;

(f) Persons who were either authors or recipients, including copy recipients, of the Confidential Information;

(g) Witnesses, deponents, experts or consultants and their staff assisting in the prosecution or defense of the Litigation, <u>subject to paragraph 6 hereof</u>;

(h) Support vendors retained for photocopying, bates labeling, indexing of documents and the like; and

(i) Any other person the producing party agrees to in writing, or is expressly designated by order of the Court, <u>subject to paragraph 6 hereof</u>.

5. The parties shall not place in the public record in this proceeding any item containing Confidential Information that they receive without agreement of the producing party as to reasonable procedures to protect the Confidential Information, or by order of the Court. To the extent that a party seeks to make reference in the public record to Confidential Information, that party will confer with the producing party to establish a protocol acceptable to the Court for filing an on-the-public record version or conducting an open-court discussion of that

3

Confidential Information that will not publicly disclose the content of that Confidential Information (*e.g.*, by use of agreed code names and other protective references).

6. Prior to reviewing, seeing or receiving Confidential Information, all persons specified in paragraphs 4(g) and 4(i) will execute an Undertaking in the form of Exhibit 1 hereto, except that persons specified in paragraph 4(i) need not do so if the producing party agrees. Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation. In the event that the identity of any witness, deponent, expert or consultant who has executed an Undertaking in connection with paragraph 4(g) hereof is disclosed in the course of this Litigation, the counsel who maintains that undertaking shall provide a copy of that Undertaking to opposing counsel upon request. Prior to showing any Confidential Information, the person showing the material to a person specified in paragraphs 4(g) and 4(i) shall inform that person of the Stipulation And Order.

7. The Confidential Information shall not be disclosed to persons other than Qualified Persons or the party which produced the Confidential Information. However, nothing contained herein shall prevent any party from disclosing its own Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential Information shall not, in and of itself, be a waiver of the provisions contained herein. Nothing contained herein shall prevent a party receiving Confidential Information from disclosing it to the producing party or to the producing party's employees.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Litigation.

9. No pleadings or other documents that contain Confidential Information are to be filed with the clerk without simultaneously filing a motion pursuant to Local Rule 7.2

4

requesting that the Confidential Information be maintained under seal. Notwithstanding Local Rule 7.2(d), such a motion may be filed simultaneously with the pleadings or other documents that contain Confidential Information, and the information designated as Confidential Information shall be filed and maintained as Confidential Information until the Court rules on the motion. The documents, thereafter, shall be filed and maintained pursuant to the terms of the Court's ruling on that motion. The party that designated the material as Confidential Information shall have the burden of supporting the motion. To the extent Confidential Information can be segregated from non-Confidential Information without undue burden or expense, only Confidential Information shall be filed subject to the above terms. In the event that any Confidential Information is used in any court proceeding in the Litigation, subject to the applicable Court rules, that Confidential Information shall not lose its status merely through such use.

10.    At the conclusion of the Litigation, all Confidential Information and all copies of same shall (i) be promptly returned to the producing party at the request and expense of the producing party, or (ii) be destroyed within thirty (30) days of the conclusion of the Litigation at the expense of the receiving party, with a letter sent by the receiving party to the producing party certifying that such documents and information have been destroyed, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information. Such retained copies will remain subject to the restrictions herein.

11.    Designation of any material as "Confidential" shall not preclude any party from contending before the Court that a designated document or transcript does not qualify for confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure or that

confidential treatment is not warranted; shall not create any presumption that documents and transcripts so designated are confidential; shall not prejudice in any way the rights of the parties to object to the production of documents based on the attorney-client privilege, other privileges recognized by applicable law, the work-product doctrine, or based on any other claim that such documents are not subject to discovery for reasons other than alleged confidentiality; and shall not shift the burden of establishing entitlement to confidential treatment. A party objecting to the designation of any Confidential Information may, after making a good-faith effort to resolve any such objection, including but not limited to the conference required by Local Rules 7.1 and 37.1, move on reasonable notice for an order vacating the designation. While such application is pending, the Confidential Information shall remain subject to the protections afforded by this Stipulation And Order. The parties expressly reserve the right to apply to the Court to seek leave to disclose Confidential Information to any administrative agency.

    12.    The binding effect of this Stipulation And Order shall survive termination of this Litigation and the Court shall retain jurisdiction to enforce the Stipulation And Order.

    13.    This Stipulation And Order shall be applicable to and binding upon any individual or entity who agrees in writing to be subject to the terms of this Stipulation And Order. Such individual or entity may designate Confidential Information and that information will be treated in all respects in accordance with the provisions herein.

    14.    Nothing in the foregoing shall control or govern the use of evidence at trial or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Stipulation And Order.

15. This Stipulation And Order is subject to further modification by order of the Court, on the Court's own initiative, or upon motion by any person having an interest affected by this Stipulation And Order for good cause shown.

16. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative agency or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party five (5) business days prior to the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Confidential Information on less than five (5) business days' notice, the party to whom the subpoena is directed shall give prompt telephonic notice of the receipt of such subpoena, and deliver by hand or e-mail a copy thereof to counsel for the producing party without delay. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith; however, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Information prior to receiving a court order or the consent of the producing party, unless it is legally required to do so.

17. Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern if a producing party discovers from any source that information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material.

18. Rule 502 of the Federal Rules of Evidence shall govern if a producing party inadvertently discloses a communication or information covered by the attorney-client privilege or work-product protection.

19. In the event that Confidential Information is disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the party involved with the disclosure shall (i) promptly inform counsel of record for the producing party describing the circumstances surrounding the unauthorized disclosure; and (ii) make reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received or possesses such Confidential Information.

20. Each party shall maintain documents containing Confidential Information in secure and safe offices.

21. The parties' execution of this Stipulation And Order does not waive any objections to production of specific documents or categories of documents.

8

Dated: August 1, 2016

/s/ Jerome M. Marcus
Jerome M. Marcus (*pro hac vice*)
Jonathan Auerbach (*pro hac vice*)
MARCUS & AUERBACH, P.C.
1121 N. Bethlehem Pike
Suite 60-242
Spring House, Pennsylvania 19477
(215) 885-2250
jmarcus@marcusauerbach.com
auerbach@marcusauerbach.com

Paul J. Klehm
28 Andover Street
Suite 240
Andover, Massachusetts 01810
(978) 475-9955
pklehm@kkf-attorneys.com

Counsel for Plaintiff

/s/ Joel S. Feldman
Joel S. Feldman (*pro hac vice*)
Hille R. Sheppard (*pro hac vice*)
Daniel C. Craig (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
jfeldman@sidley.com
hsheppard@sidley.com
dcraig@sidley.com

Jack W. Pirozzolo (BBO #564879)
60 State Street, 36th Floor
SIDLEY AUSTIN LLP
Boston, Massachusetts 02109
(617) 223-0304
jpirozzolo@sidley.com

Counsel for Defendants Aviva London
Assignment Corporation, Aviva Life
Insurance Company, Athene Holding, Ltd.,
Athene London Assignment Corporation,
and Athene Annuity and Life Company

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
michael.hines@skadden.com

Counsel for Defendant
Aviva International Insurance Limited

9

*Subject, specifically, to the provisions of Local Rule 7.2.*

SO ORDERED:

Dated: _____8/10/16_____        _____/s/ Nathaniel M. Gorton_____
                                Nathaniel M. Gorton
                                United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x
JOHN W. GRIFFITHS, on behalf of himself  :
and all others similarly situated,
                                         :
        Plaintiff,
                                         :
    v.                                       Civil Action
                                         :   No. 15-13022-NMG
AVIVA LONDON ASSIGNMENT
CORPORATION, AVIVA LIFE INSURANCE :
COMPANY, AVIVA INTERNATIONAL
INSURANCE LTD, f/k/a CGU                 :
INTERNATIONAL INSURANCE, plc,
ATHENE HOLDING, LTD, ATHENE              :
LONDON ASSIGNMENT CORPORATION
and ATHENE ANNUITY AND LIFE              :
COMPANY,
                                         :
        Defendants.
                                         :
---------------------------------- x

**EXHIBIT 1:**
**UNDERTAKING**

The undersigned, whose assistance is required in the preparation or trial of the Litigation, declares and states as follows:

1. I have read the attached Stipulation And Order, dated August __, 2016, understand its contents and hereby agree to comply therewith and to be bound thereby.

2. I agree not to use such Confidential Information for any purpose other than assisting in this Litigation.

3. I agree to promptly return to counsel for the party that retained me all Confidential Information and all copies of same at the conclusion of this Litigation.

4. I acknowledge that failure on my part to comply with the provisions of the Stipulation And Order may be punishable by contempt of court and may render me liable to any party, person or entity damaged thereby.

5. I consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of enforcement of the Stipulation And Order.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

Name: _____ (print or type)

Signature: _____