United States District Court
District of Massachusetts

```
                                    )
JOHN W. GRIFFITHS,                  )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Civil No.
                                    )    15-13022-NMG
AVIVA LONDON ASSIGNMENT CORPORATION, et )
al.,                                )
                                    )
        Defendants.                 )
                                    )
```

ORDER

GORTON, J.

Upon consideration of the record and proceedings herein, and after a Final Fairness Hearing on October 18, 2018, Plaintiff's Motion for Final Approval of Settlements and for Award of Attorney's Fees and Expenses and Service Award (Docket No. 140) is hereby **ALLOWED**.

In connection with the allowance of the subject motion, the Court finds, concludes and hereby orders as follows:

1.    For the purpose of this Order, the Court adopts all defined terms as set forth in the Settlement Agreements entered into with the defendants and previously filed with this Court on May 1, 2018.

2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties thereto and the Settlement Class Members.

3.   Having preliminarily certified a Settlement Class for settlement purposes only and appointed Class Counsel by Order on June 29, 2018 (Docket No. 132) (the "Preliminary Approval Order"), the Court now grants final approval of the Settlement Class as defined below.

4.   The Court finds that the distribution of Notice of the Settlements as provided by the Settlement Agreements, and as ordered by this Court upon preliminary approval, constituted the best notice practicable under the circumstances and fully meets the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23.  The Court finds that the distribution of the Notice has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreements.  The Court further finds that the Notice was adequate and reasonable and that it apprised the Settlement Class Members of the nature and pendency of this action and the terms of the Settlement Agreements as well as their rights to request exclusion, object and/or appear at the Fairness Hearing.

5.   The Court finds that the Settlement Class Representative is similarly situated to absent Settlement Class Members, is typical of the class and that Class Counsel and the Settlement Class Representative have fairly and adequately represented the Settlement Class.  The Court grants final approval to its appointment of Marcus & Auerbach LLC and

Krasnoo, Klehm & Falkner LLP as Class Counsel and its
designation and appointment of Jerome M. Marcus and Jonathan
Auerbach (Marcus & Auerbach LLC) as lead counsel for the
Settlement Class, and its appointment of John W. Griffiths as
Settlement Class Representative.

6. The Court certifies the following Settlement Class
under FED. R. CIV. P. 23(a) and 23(b)(3):

> All beneficiaries of structured settlement annuities
> assigned to Athene London Assignment Corporation (formerly
> known as Aviva London Assignment Corporation and as CGNU
> London Annuity Service Corp.), which includes all annuities
> covered by the Capital Maintenance Agreement between CGU
> International Insurance plc and CGNU London Annuity Service
> Corp., dated February 1, 2002, where such annuities
> remained in force as of October 2, 2013.

> Excluded from the proposed class are the officers and
> directors of any defendant and members of their immediate
> families and any entity in which any defendant has a
> controlling interest, the legal representatives, heirs,
> successors or assigns of any such excluded party, the
> judicial officer(s) to whom this action is assigned, and
> the members of their immediate families.

7. Also excluded from the Settlement Class are those
persons identified in Exhibit A of Docket No. 150 (Declaration
of Mabel L. Card), who submitted timely and valid requests for
exclusion from the Settlement Class. Such persons shall not
receive any monetary benefits of the Settlement Agreements and
shall not be bound by this Final Judgment.

8.     The Court finds that the settlements defined above

satisfy the requirements of Fed. R. Civ. P. 23(a) and (b)(3) in

that:

   (a)   the Settlement Class is so numerous that joinder of
         all Settlement Class Members would be impracticable
         (numerosity);

   (b)   there are issues of law and fact that are common to
         the Settlement Class (commonality);

   (c)   the claims of the Settlement Class Representative are
         typical of and arise from the same operative facts and
         seek similar relief as the claims of the Settlement
         Class Members (typicality);

   (d)   the Settlement Class Representative and Class Counsel
         have fairly and adequately protected the interests of
         the Settlement Class, as the Settlement Class
         Representative has no interest antagonistic to or in
         conflict with the Settlement Class and has retained
         experienced and competent counsel to prosecute this
         matter on behalf of the Settlement Class (adequacy);

   (e)   questions of law or fact common to Settlement Class
         Members predominate over any questions affecting only
         individual members[1] (predominance) and

   (f)   a class action and class settlement are superior to
         other methods available for a fair and efficient
         resolution of this controversy.

9.     The Court finds that the Settlements provide

substantial relief to the Settlement Class and orders defendants

to pay for the capped costs of Class Notice and Settlement

---

[1] Manageability prong of predominance is not a consideration when approving settlement class. Amchem v. Windsor Products, 521 U.S. 591 (1997)

Administration, all as set forth in greater detail in the Settlement Agreements.

10.  The Court finds that the Settlements are fair, reasonable and adequate and are in the best interests of the Settlement Class Members.  The Court also finds that the Settlements were the product of a lengthy arms-length negotiations conducted in good faith among the parties and their experienced counsel and is not the product of fraud or overreaching by, or collusion between the parties to this litigation.  The Court further finds that the parties face significant risks, expenses, delays and uncertainties, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreements are fair, reasonable, adequate and in the best interests of the Settlement Class Members.

11.  No objections have been timely filed to the Settlement Agreements or the Final Approval Motion.

12.  Distribution of Funds.

(a)  Any money remaining from the Settlement Amount and any Contingent Settlement Payment, including any accrued interest thereon, after the payments for administration costs, taxes, service award, attorney's fees and expenses are made, shall be distributed as follows to Class Members who have not excluded themselves from the Settlement Class, provided that the payment to each such class member shall be equal to or greater than $10.00.

(1) The "Annuity Proportion" shall be calculated for each annuity by dividing the premium paid for each annuity by the total premium paid for all annuities assigned to Athene London Assignment Corporation where such annuities remained in force as of October 2, 2013.

(2) The "Annuity Recovery" shall be calculated for each annuity by multiplying the Annuity Proportion by the Settlement Amount and any Contingent Settlement Payment.

(3) The "Individual Recovery" shall be calculated for each beneficiary of each annuity by dividing the Annuity Recovery by the number of beneficiaries of that annuity remaining in the Settlement Class.

13.   The Settlement Administrator shall make a distribution to each Class Member who has not served an Exclusion Request in the amount of that Class Member's Individual Recovery, as defined above.

14.   The Court finds that the interests of Greater Boston Legal Services is reasonably approximate to the interests of the Settlement Class.  Therefore, the Court designates Greater Boston Legal Services as a cy pres recipient and directs that it receive any funds remaining after payments are made as set forth in the Settlement Agreements.

15.   Accordingly, the Court hereby grants final approval of the Settlements and all of the terms of the Settlement Agreements.  Plaintiff, defendants and the Settlement Administrator are ordered to carry out the Settlements according to the terms of the Settlement Agreements, the exhibits attached

thereto, and the orders of this Court.  Furthermore, the
Settlement Administrator is authorized to resolve questions
regarding the allocation of settlement payments among multiple
beneficiaries of the same annuity policy.

16.  As provided in greater detail in the Settlement
Agreements, the Settlement Agreements, their terms and any
agreement, exhibit or order relating thereto are not a
concession or admission, shall not be offered by any party to be
received in evidence in any proceeding or utilized in any manner
as a presumption, concession or admission of any fault,
wrongdoing or liability on behalf of the defendants.
Notwithstanding the foregoing, nothing in this Order shall be
interpreted to prohibit the use of this Order in a proceeding to
consummate or enforce the Settlement Agreements or this Order,
or to defend against the assertion of any claims released under
the Settlement Agreements or this Order in any other proceeding,
or as otherwise required by law.

17.  The Settlement Agreements include releases and waivers
of settled claims.  The releases and waivers set forth in the
Settlement Agreements are valid and binding and are specifically
adopted and made a part of this Order as if fully set forth
herein.  All such releases and waivers shall enter into effect
upon the Effective Dates set forth in the Settlement Agreements.
As of the Effective Dates, all Members of the Settlement Class

who did not timely and adequately exclude themselves from the Settlements shall be permanently barred from prosecuting against any of the Defendant Released Parties claims that are released pursuant to the release provisions in the Settlement Agreements.

18.  The Court hereby directs that 1) Class Counsel be awarded $4,155,123.27 in fees plus reimbursement of attorney's litigation expenses of $144,826.73 and 2) a service award in the amount of $25,000 should be granted to John W. Griffiths, the Settlement Class Representative.  The amount awarded as attorney's fees and reimbursement of litigation expenses shall be paid from the Class Settlement Fund and shall be distributed in accordance with the agreements entered into among Class Counsel.

The First Circuit has approved the use of the percentage-of-fund method in which a reasonable percentage of the common fund is awarded to counsel. In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995).  Courts in this Circuit generally award between 20% and 30% of the amount reserved for the class. In re Lupron Mktg. & Sales Practices Litig., 228 F.R.D. 75, 98 (D. Mass. 2005) (holding that attorney's fees shall not exceed 30% of the settlement fund).  This Court finds that Class Counsel has adequately shown that the settlement relief to the Settlement Class Members is in the range of $27 million to $34 million and

thus Class Counsel's request for 12% of the valuation is
appropriate.

Furthermore, under the lodestar calculation, which serves
as a cross-check to the percentage-of-fund method, this Court
finds counsel's proposed multiplier of 1.98 to be appropriate.
Counsel has asserted that they spent over 3,000 hours on this
litigation, the case involved complex economic, financial and
legal issues, the large settlement is representative of
counsel's skill and tenacity despite significant legal
obstacles, the time spent precluded other employment, the fees
are within the prescribed percentage range of 20% to 30%, the
Class Members significantly and directly benefited from this
substantial and non-reversionary settlement and that the case
was undesirable because it would have involved multiple experts,
complex issues and extensive discovery.  Accordingly, this Court
approves the proposed award of attorney's fees.

19.  The Court finds that the expenses incurred and
advanced by Class Counsel are reasonable and orders that they be
reimbursed from the Settlement Fund, in the amount of
$144,826.73.

20.   The Court finds that an individual service award to the Settlement Class Representative of $25,000 for representing the Class is warranted under the circumstances of this case and is approved by the Court.  The Court finds that the Settlement Class Representative, John W. Griffiths investigated and discovered the facts giving rise to this case, that he searched for and found counsel to prosecute the case and that he worked with such counsel throughout the case, both in producing discovery and in monitoring the progress of the case and of settlement negotiations.  The Settlement Class Representative undertook the obligations of this action, including providing information and conferring with and advising counsel with respect to all aspects of the litigation and settlement.

21.   Other than as set forth in this Order, the parties shall bear their own attorney's fees and costs.

22.   This action is dismissed with prejudice.

23.   Consistent with the Settlement Agreements, if the Effective Dates do not occur, or if for any other reason the Settlement Agreements are terminated, disapproved or fail to become effective, the parties shall be deemed to have reverted to their respective status in the action as of September 19, 2017 and December 22, 2017, which shall then resume proceedings in this Court, and, except as otherwise provided in the Settlement Agreements, the parties shall proceed in all respects

as if the Settlement Agreements, the Preliminary Approval Order, this Order and any other related orders had not been entered.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated:  October 23, 2018